[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER de QDRO
The court informed the parties that it did not find the plaintiff's conduct to be contemptuous. The parties agreed that the court should answer the question, by means of clarification, whether the defendant is entitled to pre-retirement survivor protection known as "PRSP."
The parties and the court agreed that the operative clause from the judgment,
 The wife shall be entitled to fifty percent of the pension available to the husband through his employment at IBM according to the following provisions: She shall be entitled to fifty percent of this pension when the husband takes it, no sooner nor no later, but when the husband takes it so long as at the time of the taking of the pension the wife has not remarried or cohabitated as defined by our statute, and so long as she is living at that time. The husband's attorney will be responsible for drawing the QUADRO.
is not ambiguous. Therefore, the court's interpretation must be made from the language of the agreement and not from any intention of the parties not made part of that agreement.
The court concludes that the defendant is not entitled to pre-retirement survivor protection. The decree of dissolution clearly states that she is entitled "to fifty percent of this pension when the husband takes it, no sooner nor no later." Her right to a share in the plaintiff's pension commences at the time he takes that pension and not before. The judgment does not say that she gets a certain percentage of the then present value nor that she receives a survivor benefit if he passes away before he takes the pension. It is inconsequential to note that other contingencies such as her surviving at the time he takes the pension as well as her not having remarried or cohabitating were included in the judgment. CT Page 6257
The court believes this decision is consistent with the transcript of the court hearing.
The question of attorney's fees for this hearing is continued until another date.
LAWRENCE L. HAUSER, JUDGE